UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON D. PENDARVIS,<br><br>Plaintiff,<br><br>v.<br><br>ELK GROVE SELF HELP HOUSING EMPLOYEES, et al.,<br><br>Defendants. | No.  2:22-cv-0139-KJM-CKD (PS)<br><br><br><br>ORDER |

This action was referred to the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's pro se complaint filed on January 24, 2022 (ECF No. 1) is before the court for screening.

Plaintiff has filed an application in support of the request to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915. The motion to proceed in forma pauperis will be granted.

**I.     SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

1

(2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (explaining that a court should briefly explain a pro se litigant's pleading deficiencies when dismissing a complaint with leave to amend) (superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

II.     ALLEGATIONS IN THE COMPLAINT

The complaint's factual allegations are difficult to discern. However, it appears plaintiff received services from Sacramento Self Help Housing[1] in 2019 and moved into a new home on November 4, 2019. (ECF No. 1 at 5.) Plaintiff alleges that by November 7, 2019, she was

---

[1] Sacramento Self Help Housing is a 501(c)(3) nonprofit that assists individuals and families who have insufficient resources for adequate housing. See https://sacselfhelp.org/about-us.html, last visited February 14, 2022.

2

everybody's "bitch, slave, and drug addict." (Id.) Plaintiff implies one or more physical altercations occurred in her apartment such that the neighbors might have heard, but plaintiff does not provide details of those altercations. (Id. at 6.) In addition, on May 14, 2020, someone named Valynda threatened and assaulted plaintiff in the parking lot when plaintiff was on her way to a CT scan. (Id. at 5-6.) Plaintiff alleges:

> [S]he tried to run me over with her car and illegally sign other peoples name. I asked for my stuff out the trunk. She slammed my hand in it and tried to drag me. I pulled away and she threw 16 oz bottle of odawalla juice at me. CT scan didn't come out well. [Sic.]

(ECF No. 1 at 6.)

Plaintiff suffered multiple injuries for which she still is being treated. (ECF No. 1 at 7.) Plaintiff alleges the entire situation occurred because she is Black. (Id. at 5.)

Plaintiff brings this action against Elk Grove Self Help Housing Employees, Sacramento Self Help Housing, the Elk Grove Police Department, Elk Grove City Hall, and the following three individuals: Kate Kiegan, Randy Henricks and Kiarra Frost. For relief, plaintiff seeks monetary damages and injunctive relief in the form of being re-housed in a new house, a PPO Health plan, and a trustworthy care giver. (ECF No. 1 at 6.)

### III. THE COMPLAINT MUST BE DISMISSED

**A. Failure to Comply with Federal Rule of Civil Procedure, Rule 8**

Plaintiff's complaint does not contain a short and plain statement of a claim as required by Fed. R. Civ. P. 8(a)(2). The court is unable to discern what causes of action plaintiff intends to bring, and against whom, as well as what factual allegations support those causes of action. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The complaint does not include adequate factual allegations describing the conduct of the individuals and entities identified as defendants. For example, plaintiff describes an assault by someone named Valynda, but Valynda is not named as a defendant. As discussed below, if Valynda is a private party who did not act under color of state law, then Valynda would not be a

1  proper defendant in a suit brought under 42 U.S.C. § 1983 in any event. The complaint must be
2  dismissed because it does not contain sufficient factual content to allow the court to draw the
3  reasonable inference that any named defendant has violated plaintiff's constitutional rights.

4  **B.  Failure to State a Cognizable Claim under <u>Bivens</u> or 42 U.S.C. § 1983**

5  Plaintiff's complaint is presented on a form for a complaint for a violation of civil rights.
6  Plaintiff checked the box for a complaint against federal officials (a <u>Bivens</u> claim). Under <u>Bivens</u>
7  <u>v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), a plaintiff
8  may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's
9  constitutional rights. <u>See</u> <u>Bivens</u>, 403 U.S. at 397. However, plaintiff does not state a claim under
10 <u>Bivens</u> because the complaint does not allege the involvement of any federal officials.

11 Title 42 U.S.C. section 1983 provides another vehicle for a plaintiff to assert civil rights
12 violations. In order to state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege a
13 right secured by the Constitution or laws of the United States was violated by a person acting
14 under the color of state law. <u>See</u> <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

15 Here, it is not clear whether any of the named individual or entity defendants acted under
16 color of state law. <u>See</u> <u>Pasadena Republican Club v. W. Just. Ctr.</u>, 985 F.3d 1161, 1167 (9th Cir.
17 2021) (whether a nominally private person or corporation acts under color of state law is a "fact-
18 bound inquiry" for which the Supreme Court has developed four different applicable tests), cert.
19 denied, 142 S. Ct. 337 (2021). Plaintiff does not allege any of the defendants responsible for the
20 harm she suffered acted under color of state law. Private parties do not generally act under color
21 of state law for purposes of 42 U.S.C. § 1983. <u>Price v. Hawaii</u>, 939 F.2d 702, 707-08 (9th Cir.
22 1991). Private action, no matter how wrongful, is not actionable under <u>Bivens</u> or § 1983. <u>See</u>
23 <u>Holly v. Scott</u>, 434 F.3d 287, 291-92 (4th Cir. 2006); <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th
24 Cir. 1991).

25 In addition, plaintiff does not state a claim under 42 U.S.C. § 1983 because she does not
26 adequately allege a violation of her constitutional rights or federal law. <u>See</u> <u>West</u>, 487 U.S. at 48.
27 "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for
28 vindicating federal rights elsewhere conferred.'" <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994)

(quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979)). Thus, the first step in making a claim under § 1983 is to identify the specific constitutional right allegedly infringed. Albright, 510 U.S. at 271.

Here, the complaint does not identify a specific constitutional right allegedly infringed. Plaintiff alleges the situation described in the complaint occurred because she is Black, but this factual allegation is, by itself, too conclusory to state a cognizable claim for an equal protection violation. To state a claim for a violation of the Equal Protection Clause under 42 U.S.C. § 1983, a plaintiff must generally show the defendants, who acted under color of state law, acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. See Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005). A plaintiff must allege facts demonstrating "intentional unlawful discrimination or… facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998); see also Village of Willowbrook v. Olech, 528 U.S. 562, 564-65 (2000) (per curiam) (holding that, even a plaintiff seeking to proceed as a "class of one" must allege intentional, disparate treatment).

Here, plaintiff has adequately alleged she is a member of a protected class. However, as set forth, the complaint does not contain any factual allegations plausibly setting forth intentional unlawful discrimination, or facts that are at least susceptible of an inference of discriminatory intent by any of the named defendants. "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim. Twombly, 550 U.S. at 555-57 (2007); see also Iqbal, 556 U.S. at 678.

### IV. CONCLUSION AND ORDER

The complaint must be dismissed because it fails to state a claim. Plaintiff will be granted leave to amend. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); see also Fed. R. Civ. P. 15(a) (leave to amend should be freely given when justice so requires).

////

5

If plaintiff elects to file an amended complaint, it should be titled "First Amended Complaint" and reference the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.

In accordance with the above, IT IS ORDERED:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's complaint (ECF No. 1) is dismissed for failure to state a claim.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff is cautioned that failure to file an amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated: February 14, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Pendarvis.22cv0139.screen