UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON D. PENDARVIS,<br><br>Plaintiff,<br><br>v.<br><br>ELK GROVE SELF HELP HOUSING EMPLOYEES, et al.,<br><br>Defendants. | No. 2:22-cv-0139-KJM-CKD PS<br><br><br><br>ORDER |

Plaintiff proceeds pro se and in forma pauperis with a first amended complaint naming the Elk Grove Police Department and Sacramento Self Help Housing as defendants. The first amended complaint is before the court for screening pursuant to 28 U.S.C. § 1915(e).[1]

I. **SCREENING AND PLEADING STANDARDS**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

---

[1] This matter is referred to the undersigned by Local Rule 302(c)(21).

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
2  court accepts as true the factual allegations contained in the complaint, unless they are clearly
3  baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff.
4  See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d
5  954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

6  Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines
7  v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory
8  allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council
9  v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of
10 action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57
11 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

12 To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
13 state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial
14 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
15 inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se
16 litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend
17 unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809
18 F.2d 1446, 1448 (9th Cir. 1987) (explaining that a court should briefly explain a pro se litigant's
19 pleading deficiencies when dismissing a complaint with leave to amend) (superseded on other
20 grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

21 **II.    THE FIRST AMENDED COMPLAINT**
22     **A.    Factual Allegations**
23 The first amended complaint names as defendants "Elk Grove Police [and] all officers"
24 and Sacramento Self-Help Housing.[2] (ECF No. 5 at 2, 5.) The first amended complaint alleges

---

[2] Sacramento Self Help Housing is a 501(c)(3) nonprofit that assists individuals and families who have insufficient resources for adequate housing. See https://sacselfhelp.org/about-us.html, last visited February 14, 2022. As noted in the court's prior screening order, plaintiff's original complaint alleged plaintiff received services from Sacramento Self Help Housing in 2019 and moved into a residence on November 4, 2019.

2

plaintiff was treated "like a slave or Cinderella" and told "Just clean. Don't talk ever." (ECF No. 5 at 5.) Plaintiff alleges she was assaulted and abused and refers to the attachments to the first amended complaint as support. (Id.) Plaintiff alleges there was an occasion on which someone made it unsafe to exit in a fire situation by screwing the gate shut from the outside. (Id.) Attached to the complaint are approximately 100 pages of documents. Some of the documents are police reports regarding incidents reported by plaintiff or involving plaintiff. Other attached documents relate to an unlawful detainer action against plaintiff in the Superior Court of California, County of Sacramento.

### B.     Jurisdiction

Federal courts are courts of limited jurisdiction and can only adjudicate those cases which the United States Constitution and Congress authorize the courts to adjudicate. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The presumption is that federal courts lack subject matter jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Id.

The court has considered whether the first amended complaint states a civil rights violation under 42 U.S.C. § 1983 such that this action arises under the Constitution, laws, or treaties of the United States, giving rise to federal question jurisdiction. See 28 U.S.C. § 1331. However, because the first amended complaint fails to state a claim under section 1983, federal question jurisdiction is not established at this time.

### C.     Failure to State a Claim

The court has reviewed the first amended complaint and the attached exhibits.[3] The court cannot discern the underlying factual basis for the claims plaintiff is attempting to plead or what relief plaintiff seeks. Although the court liberally construes plaintiff's pro se complaint, even a pro se litigant's complaint must give fair notice and set forth the elements of a claim plainly and

---

[3] The court is not required to comb through an excessive number of pages of exhibits in search of possible claims. See Samtani v. City of Laredo, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017); Johnston v. CDCR Health Care, No. 1:21-cv-1322-JLT-BAM-PC, 2022 WL 183432, at *1 (E.D. Cal. Jan. 20, 2022). In this instance, however, the court has reviewed the exhibits.

succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984); Fed. R. Civ. P. 8(a)(2).

Under 42 U.S.C. § 1983, local government municipalities and private entities that act under color of state law[4] may be liable for a constitutional injury caused by employees acting pursuant to the municipality's policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). However, plaintiff does not allege a violation of her constitutional rights or federal law to state a claim under 42 U.S.C. § 1983. See West, 487 U.S. at 48; Albright v. Oliver, 510 U.S. 266, 271 (1994) ("Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'") (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979)). The first step in making a claim under § 1983 is to identify the specific constitutional right allegedly infringed. See Albright, 510 U.S. at 271. Plaintiff does not identify a specific constitutional right allegedly infringed. Neither does the first amended complaint set forth facts to plausibly suggest plaintiff suffered harm caused by a defendant's policy or custom. The first amended complaint fails to state a cognizable claim for relief under 42 U.S.C. § 1983.

To the extent plaintiff seeks to hold defendants liable for an assault perpetrated by a neighbor resident, or for other acts by private actors, the first amended complaint does not state a claim. The general rule is that governments are not liable for a failure to protect private citizens from the acts of third parties. Escamilla v. City of Santa Ana, 796 F.2d 266, 270 (9th Cir. 1986) ("government officials generally are not liable under section 1983 for their failure to protect citizens from dangerous situations which state officials neither created nor exacerbated"); see also Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) (noting the duty for police officers to intercede applies "when their fellow officers violate the constitutional rights of a suspect or other citizen"). Here, the first amended complaint contains insufficient facts to plausibly allege that

---

[4] It is unclear whether Sacramento Self Help Housing, a 501(c)(3) nonprofit, acts under color of state law. See Pasadena Republican Club v. W. Just. Ctr., 985 F.3d 1161, 1167 (9th Cir. 2021) (whether a nominally private person or corporation acts under color of state law is a "fact-bound inquiry" for which the Supreme Court has developed four different applicable tests), cert. denied, 142 S. Ct. 337 (2021).

1  Sacramento Self Help Housing, the Elk Grove Police Department, or any officer created a danger
2  that caused or enhanced plaintiff's alleged injuries such that they could be liable under section
3  1983.
4        To any extent plaintiff seeks to invalidate or challenge orders from the state court in the
5  unlawful detainer action, such a claim fails because federal district courts do not have appellate
6  jurisdiction over state courts. See Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). Federal courts
7  lack jurisdiction to exercise appellate review over final state court judgments. Id.; see also Exxon
8  Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005). The Rooker-Feldman
9  doctrine prevents "a party losing in state court... from seeking what in substance would be
10  appellate review of the state judgment in a United States district court." Henrichs v. Valley View
11  Dev., 474 F.3d 609, 611 (9th Cir. 2009) (citation omitted). The Rooker-Feldman doctrine bars
12  any challenges plaintiff may have to an unlawful detainer action resulting in her eviction. See
13  Busch v. Torres, 905 F. Supp. 766, 771 (C.D. Cal. 1995).

### III. CONCLUSION AND ORDER

15        Because plaintiff proceeds pro se, plaintiff will be given another opportunity to amend.
16  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("a pro se litigant is entitled to
17  notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the
18  action."); see also Fed. R. Civ. P. 15(a). Plaintiff is not obligated to amend. If plaintiff files an
19  amended complaint, it should be titled "Second Amended Complaint" and reference the
20  appropriate case number. An amended complaint must be complete in itself without reference to
21  any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220.
22        In accordance with the above, IT IS ORDERED:
23        1. Plaintiff's first amended complaint (ECF No. 1) is dismissed for failure to state a
24  claim; and
25        2. Plaintiff is granted thirty days from the date of service of this order to file an amended
26  complaint that complies with the requirements of the Federal Rules of Civil Procedure and the
27  Local Rules of Practice; the amended complaint must bear the docket number assigned this case
28  and must be labeled "Second Amended Complaint"; plaintiff is cautioned that failure to file an

amended complaint or otherwise respond to this order will result in a recommendation that this action be dismissed.

Dated: March 30, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Pendarvis.22cv139.screenfac