UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON D. PENDARVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>ELK GROVE SELF HELP HOUSING EMPLOYEES, et al.,<br><br>    Defendants. | No. 2:22-cv-0139-KJM-CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff proceeds pro se and in forma pauperis. A second amended complaint filed on April 25, 2022, is before the court for screening. This matter is referred to the undersigned by Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

**I.    SCREENING AND PLEADING STANDARDS**

    Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly

1

baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (explaining that a court should briefly explain a pro se litigant's pleading deficiencies when dismissing a complaint with leave to amend) (superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

## II. THE SECOND AMENDED COMPLAINT

The second amended complaint names as defendants Sacramento Self-Help Housing (Elk Grove) and the Elk Grove Police Department.[1] (ECF No. 7.) Plaintiff alleges as follows: "They hid factual medical documentation and [plaintiff] had no defen[s]e wounds" and no proof from them." (Id. at 5.) "Like plaintiff never existed at 8528 Sun Sprite Way in Elk Grove, CA. To withhold evidence/destroy is illegal." (Id.)

---

[1] Sacramento Self Help Housing is a 501(c)(3) nonprofit that assists individuals and families who have insufficient resources for adequate housing. See https://sacselfhelp.org/about-us.html, last visited February 14, 2022. In the original complaint filed on January 24, 2022, plaintiff alleged she received services from Sacramento Self Help Housing in 2019 and moved into a residence on November 4, 2019. (See ECF No. 1 at 5.)

Attached to the second amended complaint are police reports reflecting statements by plaintiff about an alleged assault by Valynda that took place in 2020. (ECF No. 7 at 10, 17.) Plaintiff has also attached medical records. (Id. at 21-104.) For relief, plaintiff seeks "a place to live on SSI." (Id. at 6.)

### III.  THE COMPLAINT MUST BE DISMISSED

#### A.  Failure to State a Claim under 42 U.S.C. § 1983

As set forth in the court's prior screening orders of February 15, 2022 (ECF No. 4) and March 30, 2022 (ECF No. 6), plaintiff has not alleged a violation of her constitutional rights or federal law so as to state a claim under 42 U.S.C. § 1983. See West v. Atkins, 487 U.S. 42, 48 (1988); Albright v. Oliver, 510 U.S. 266, 271 (1994) ("Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'") (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979)).

The factual allegations in the second amended complaint remain difficult to discern. However, the court can infer plaintiff seeks to hold Sacramento Self Help Housing liable for plaintiff's physical injuries caused by Valynda, a private actor and former friend or neighbor of plaintiff, and/or for other incidents.

Local government municipalities and private entities acting under color of state law[2] may be liable for a constitutional injury caused by employees acting pursuant to the municipality's policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). However, plaintiff does not allege the harm was caused by either defendant's policy or custom. Moreover, the general rule is that governments and private entities acting under color of state law are not liable for failing to protect private citizens from the acts of third parties. Escamilla v. City of Santa Ana, 796 F.2d 266, 270 (9th Cir. 1986); see also Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000). Plaintiff does not plausibly allege defendants created a danger that caused

---

[2] It is unclear whether Sacramento Self Help Housing, a 501(c)(3) nonprofit, acts under color of state law. See Pasadena Republican Club v. W. Just. Ctr., 985 F.3d 1161, 1167 (9th Cir. 2021) (whether a nominally private person or corporation acts under color of state law is a "fact-bound inquiry" for which the Supreme Court has developed four different applicable tests).

or enhanced her alleged injuries such that either defendant could be liable under section 1983. Accordingly, the second amended complaint fails to state a claim under 42 U.S.C. § 1983.

### B. Lack of Jurisdiction

Federal courts are courts of limited jurisdiction and can only adjudicate those cases which the United States Constitution and Congress authorize the courts to adjudicate. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The presumption is that federal courts lack subject matter jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Id.

Because the second amended complaint fails to state a claim under 42 U.S.C. § 1983, federal question jurisdiction is not established at this time. See 28 U.S.C. § 1331. Diversity jurisdiction does not exist because all parties are in the State of California. See 28 U.S.C. § 1332(a); Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 679 (9th Cir. 2006). Thus, it appears the court lacks jurisdiction over this matter.

### C. No Further Leave to Amend

"Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Leave to amend shall be freely given, but the court does not have to allow futile amendments. Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). Plaintiff has had two opportunities to amend, has not been able to state a claim, and it clearly appears no cognizable claim can be stated on the underlying facts alleged. The undersigned concludes further leave to amend would be futile.

### IV. CONCLUSION AND ORDER

In accordance with the above, IT IS RECOMMENDED:

1. Plaintiff's second amended complaint (ECF No. 7) be dismissed without leave to amend for failure to state a claim; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 12, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.Pendarvis.22cv139.screen2ac.fr